UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.M.R.,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,<br><br>Respondents. | Case No. 1:26-cv-01454 DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner F.M.R.,[1] a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") when he presented himself for an interview for his pending immigration case. (ECF No. 1.) Petitioner argues that his detention without a hearing violates the Immigration and Nationality Act ("INA"), his due process rights under the Fifth Amendment, and the Administrative Procedure Act ("APA"). (Id. (claims one through four).) For the following reasons, this Court recommends that the petition be granted.

///

[1] Petitioner's unopposed motion to proceed under a pseudonym was granted. (See ECF Nos. 3, 11.)

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION[2]

"Petitioner entered the United States in 2000 without inspection or any encounter with United States immigration officials. He continuously resided in the United States until [November 25,] 2025, when immigration officials detained petitioner after he presented himself for an interview" for his pending immigration case. (ECF No. 11; see ECF No. 1 at 2.)

On February 19, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On February 19, 2026, the district court directed respondents to file an opposition to the motion for a temporary restraining order. (ECF No. 5.) On February 23, 2026, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 10.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2) and subject to mandatory detention. (ECF No. 10 (citing Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026)).) Where respondents did not object to converting the motion into a motion for a preliminary injunction, the district court treated the motion as one for a preliminary injunction. (ECF No. 11.)

---

[2] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 11.)

On February 25, 2026, the district court rejected respondents' argument that petitioner is an "applicant for admission" and subject to mandatory detention, incorporating its reasoning from Iskandar Wasef v. Chestnut, et al., No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389 (Feb. 12, 2026). (ECF No. 11 (also citing Rodriguez Rascon v. Lyons, No. 1:25-cv-01787-AC, 2025 WL 3706729, at *4 (E.D. Cal. Dec. 22, 2025); Rangel v. Noem, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996, at *1-2 (E.D. Cal. Jan. 9, 2026)). The district granted the motion for a preliminary injunction, ordering respondents to "provide petitioner with an individualized bond hearing before an immigration judge pursuant to § 1226(a) within ten (10) days" from its order and to file a status report within three days of the bond hearing. (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) This Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition. (ECF No. 13.) Respondents filed an answer on March 18, 2026 and petitioner filed a reply on March 24, 2026. (ECF Nos. 14, 15.) Briefing is closed. (See Docket.)

On March 6, 2026, petitioner was provided with a bond hearing and was released on March 8, 2026. (ECF Nos. 12, 14.) As a result, respondents argue that the petition is moot because petitioner was released on custody. (See ECF No. 14.)

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails.

Given Rodriguez Vazquez, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was subject to § 1226, not § 1225(b)(2) as respondents argued (claims one and three). See Rodriguez Vazquez, 183 F.4th 1160; ECF No. 11. The fact that petitioner was released after he was provided a bond hearing through this district court's order granting a preliminary injunction does not render this petition moot. In addition, because the resolution of the first and third claims provide the relief requested, the Court

need not reach the remaining claims. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025). This Court further recommends that a permanent injunction issue enjoining and restraining respondents from re-detaining petitioner F.M.R. unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing.

## III. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claims (claims one and three).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED as to claims one and three.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner F.M.R. unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/fmr.1454.26.frs